IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3324-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Robert Harman seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on August 14, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Plaintiff Robert Wayne Harman was born in 1966 and is 46 years old. Plaintiff has a high school education and has past relevant work as a construction worker, cabinet builder, injection machine operator, forklift driver and laborer of stores. Plaintiff alleges he first became disabled beginning January 22, 2009.

Plaintiff's applications for Social Security disability and Supplemental Security Income were denied initially on April 1, 2009. Upon request of plaintiff, a hearing was held on May 4, 2009. At that hearing the Administrative Law Judge (hereinafter "ALJ") determined plaintiff was not disabled as defined by the Social Security Act and his applications were denied. Subsequently, plaintiff filed an appeal with the Appeals Council; however, plaintiff's appeal was denied. Accordingly, the decision of the ALJ stands as the final decision of the Commissioner. Plaintiff's earnings record shows he has acquired sufficient quarters of coverage to remain insured

2

through March 31, 2009. Therefore, plaintiff must establish he was disabled on or before March 31, 2009, to be entitled to disability and disability insurance benefits.

The ALJ's decision found plaintiff had not engaged in substantial gainful activity since January 22, 2009, plaintiff's alleged onset date. The ALJ further determined the evidence supports that plaintiff suffered from the following severe impairments: obesity, lumbar spine degenerative disc disease status-post lumbar laminectomies, left ankle status-post open reduction and internal fixation, and left knee osteoarthritis. The ALJ found these impairments were severe because they cause significant limitations in plaintiff's ability to perform work-related activities. The ALJ determined, however, that these severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the entire record, the ALJ found that plaintiff had the residual functional capacity (hereinafter "RFC") to perform sedentary work, retaining the ability to stand and/or walk 2 of 8 hours for no more than 30 minutes at a time; sit 6 of 8 hours for no more than 30 minutes at a time; and lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. Plaintiff was limited to only occasional bending, stooping, crouching, squatting, kneeling, and crawling; was not to work on ladders or work at heights or around hazardous, unprotected moving equipment; and should avoid extreme cold and extreme vibration. Based on this RFC, the ALJ, with the assistance of testimony from a vocational expert, determined plaintiff could not perform his past relevant work. However, in considering plaintiff's age, education, work experience and RFC, the ALJ, with the assistance of testimony from a vocational expert, determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Accordingly, the ALJ determined plaintiff had not been under disability as defined by the Social Security Act.

Here, plaintiff contends the ALJ erred in: (1) failing to find plaintiff's impairments, or combination of, met or medically equaled the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) discounting plaintiff's credibility; and (3) determining plaintiff had RFC to perform sedentary work. Plaintiff contends that in order to adequately develop the record and make proper determination on these issues, the ALJ should have ordered a consultative medical examination of plaintiff to evaluate his impairments.

In response, the Commissioner argues that: (1) the ALJ properly determined plaintiff's impairments did not meet or medically equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix

3

1; (2) the ALJ properly concluded plaintiff's allegations of disabling limitations were inconsistent with his activities, poor work history and medical treatment notes; and (3) the ALJ properly determined plaintiff could do sedentary work and properly relied on the testimony of a vocational expert in determining plaintiff retained the capacity to perform a significant number of jobs in the national economy. The Commissioner argues that a consultative examination is unnecessary because the decision of the ALJ is supported by substantial evidence in the record.

### A. 20 C.F.R. Part 404, Subpart P, Appendix 1

Plaintiff bears the burden of establishing that his impairments meet or equal a listing. Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). Here, plaintiff has failed to provide medical support for the criteria necessary to meet or equal a listing. Specifically, plaintiff has failed to establish that he meets all the criteria outlined in listing 1.04A, which sets forth the criteria for a disorder of the spine. See id. ("To meet a listing, an impairment must meet all of the listing's specified criteria."). One of the requisite criteria for this listing is nerve root compression or motor loss, for which there is no medical evidence in the record to support.

Substantial evidence supports the ALJ's determination that plaintiff's impairments do not meet or equal a listing as set for in 20 C.F.R. Part 404, Subpart P, Appendix 1. Therefore, the ALJ properly concluded that as to Step 3 of the disability analysis, plaintiff did not qualify as disabled.

### B. Credibility

The ALJ did not err in discounting plaintiff's credibility. The ALJ's credibility determination reflects proper consideration of the factors for evaluating subjective allegations in accordance with Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and 20 C.F.R. §§ 404.1529 and 416.929. The Eighth Circuit has held that "[i]f an ALJ discredits a claimant's testimony and gives a good reason for doing so, [the court] will normally defer to that judgment." Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001).

Here, the ALJ properly considered the inconsistencies between plaintiff's subjective complaints of disabling limitations and daily activities reported. See Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009) ("Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon the claimant's credibility."). Specifically, the ALJ noted daily activities of preparing meals, going shopping, performing household chores, doing lawn mowing and yard

work, and spending time with others.  See id. at 817 (cooking, vacuuming, washing dishes, doing laundry, shopping and driving inconsistent with complaints of disabling pain).

Plaintiff's poor work history was also properly considered by the ALJ.  Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001).  The ALJ properly noted plaintiff had a history of sporadic work and low earnings which draw into question his motivation to work.

The ALJ also properly considered the inconsistencies between plaintiff's medical treatment notes and his allegations of disability.  Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) (In considering all the relevant evidence, that ALJ may discount claimant's subjective complaints when they are inconsistent with the medical records and the record as a whole).

Accordingly, substantial evidence supports the ALJ's discounting plaintiff's credibility.

## C. RFC

A claimant's RFC is the most an individual can do despite the combined effects of his credible limitations.  20 C.F.R. §§ 404.1545 and 416.945.  It is the ALJ's responsibility to determine a claimant's RFC based on all the relevant evidence.  Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007).  However, it is the claimant's burden to prove his RFC.  Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (burden of persuasion to prove disability and demonstrate RFC remains on the claimant).

Here, the ALJ properly evaluated the record as a whole in determining plaintiff's RFC. This included proper consideration of the medical evidence in the record.  The ALJ gave plaintiff significant limitations, especially for a man of age 42, and limited him to sedentary work. Plaintiff's assertion that a consulting medical opinion is necessary is without merit.  There is sufficient medical evidence in the record already which supports the RFC determination of the ALJ.  Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) ("the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").  In assessing plaintiff's RFC, "the ALJ is not required to rely entirely on a particular physician's opinion or choose between opinions [of] any of the claimant's physicians."  Id. at 927.  There is no need for a consultative examination in this case.  Substantial evidence in the record supports the RFC determination made by the ALJ in this case.

**Conclusion**

Substantial evidence on the record supports the Commissioner's decision that plaintiff is not disabled as defined under the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 20th day of August, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge